UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION


UNITED STATES OF AMERICA     §

§

VS.     §     NO. 1:04-CR-174

§

LUAN VAN NGUYEN     §


**REPORT AND RECOMMENDATION RE: PETITION FOR WARRANT
OR SUMMONS FOR OFFENDER UNDER SUPERVISION**


Pending is a "Revised Petition for Warrant or Summons for Offender Under

Supervision," filed January 28, 2005, alleging that defendant violated conditions of

supervised release.  This matter is referred to the undersigned United States magis-

trate judge for review, hearing, and submission of a report with recommended

findings of fact and conclusions of law.  See United States v. Rodriguez, 423 F.3d

919, n. 1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); and Local Rules for

the Assignment of Duties to United States magistrate judges.


**I.  The Original Conviction and Sentence**


Defendant was sentenced on June 7, 2001, before The Honorable H. Russel

Holland, U.S. District Judge for the District of Alaska, after pleading guilty to the

offense of Bank Fraud, a Class B felony.  This offense carried a statutory maximum

imprisonment term of 30 years.  The guideline imprisonment range, based on a total

offense level of 13 and a criminal history category of II, was 15 to 21 months.

Defendant was subsequently sentenced to 18 months imprisonment followed by five

years supervised release subject to the standard conditions of release, plus special

conditions to include notifying employers of his conviction; submit to the search of

person, residence, vehicle, or place of employment at a reasonable time and in a

reasonable manner and based upon a reasonable suspicion of the presence of contra-

band, or evidence of a violation of a term or condition of supervised release; financial

disclosure; and shall apply for the Alaska Permanent fund Dividend in any year he is

eligible to receive that payment and shall apply the funds to received, if any, toward

the restitution obligation..

## II.  The Period of Supervision

On July 28, 2003, defendant completed his period of imprisonment and began

service of the supervision term.  Defendant's case was later transferred from the

District of Alaska, to the Eastern District of Texas.

## III.  The Petition

United States Probation filed the pending Revised Petition for Warrant or

Summons for Offender Under Supervision on January 28, 2005. The petition alleges

that defendant violated the following conditions of release:

Standard Condition:                    Defendant shall report to the probation officer,
                                       as directed by the Court or probation officer,

and shall submit a truthful and complete written report within the first five days of each month

As grounds, the petition alleges that defendant did not report as directed for an office visit on August 31, 2004, or on October 1, 2004.  Further, Luan Nguyen failed to submit a Monthly Report form for the months of October, November, and December 2004.  Finally, according to his brother, Hai Nguyen, Luan Nguyen has not resided at his listed address for several months.

## IV.  Proceedings

On October 3, 2006, the undersigned United States Magistrate Judge convened a hearing pursuant to Rule 32.1, Federal Rules of Criminal Procedure, to hear evidence and argument on whether defendant violated conditions of supervised release.  If so, the hearing would also consider the appropriate course of action.

At the revocation hearing, defendant pleaded "true" to the allegation that he violated a standard condition of supervised release by failing to report as directed for an office visit on August 31, 2004 or on October 1, 2004, and by failing to submit Monthly Report forms for the months of October, November, and December 2004. The court announced that this violation is a Grade C violation, with policy guidelines suggesting 4 to 10 months imprisonment.

## V.  Principles of Analysis

Upon finding by a preponderance of the evidence that a defendant has violated conditions of supervised release, pursuant to 18 U.S.C. § 3583(e)(3) the court may revoke the term of supervised release and require defendant to serve in prison all or part of the term of supervised release without credit for time served on post-release supervision.  The original offense of conviction was a Class B felony; therefore, the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3) is three years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that defendant violated a standard condition of supervised release by failing to report as directed to the probation officer, defendant will be guilty of committing a Grade C violation.  U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.  U.S.S.G. § 7B1.4(a) provides that in defendant's case a revocation of supervised release based on a Grade C violation and a criminal history category of II, the guideline imprisonment range is 4 to 10 months.

18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining sentence, the court shall consider:

1.      The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2.      The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3.      Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the  defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4.      Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5.      The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

## VI. Application

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a).

**Findings:**

Defendant pleaded "true" to the allegation that he violated a standard condition of supervised release by failing to report as directed for an office visit on August 31, 2004 or on October 1, 2004, and by failing to submit Monthly Report forms for the months of October, November, and December 2004..  Based upon defendant's plea of "true" to the allegations and U.S.S.G. § 7B1.1(a), defendant violated condi-

tions of supervised release in the manner alleged in the petition.  Defendant's

violations are Grade C violations with policy guidelines suggesting 4 to 10 months

imprisonment upon revocation.

## Conclusion:

Defendant has demonstrated inability to adhere to conditions of supervision.

Defendant did not comply with conditions of his supervision by failing to report as

directed to the probation officer.  As such, incarceration appropriately addresses

defendant's violation.

## RECOMMENDATIONS

1.   The court should find that defendant violated a standard condition of supervised release, by failing to report as directed to the probation officer.

2.   The petition should be granted and defendant's supervised release revoked pursuant to 18 U.S.C. § 3565.

3.   Defendant should be sentenced to a term of imprisonment of seven (7) months.

4.   Upon release of imprisonment, defendant should be placed on supervised release for a term of four (4) years.  Within seventy-two (72) hours of release from custody of the Bureau of Prisons, defendant should report in person to the probation office in the district to which defendant is released.  While on supervised release, the defendant shall not commit another federal, state, or local crime and shall comply with the standard conditions that have been adopted by the Court, and shall comply with the following additional conditions:

a.      Defendant shall pay any financial penalty that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release

b.      Defendant shall pay restitution totaling $52,553.87 to the victim listed in the "Victim Impact" section of the Presentence Report.  The Court orders the restitution payments to begin immediately.  Any amount that remains unpaid when the defendant's supervision commences is to be paid on a monthly basis at a rate of at least 10% of the defendant's gross income, to be changed during supervision, if needed, based on the defendant's changed circumstances, pursuant to 18 U.S.C. § 3664(k).  Additionally, at least 50% of receipts received from gifts, tax returns, inheritances, bonuses, lawsuit awards, and any other receipt of money (to include, but not limit to , gambling proceeds, lottery winnings, and found money) must be piad toward the unpaid restitution balance within 15 days of receipt.  Restitution is payable by cashier's check or money order made out to the United States District Court and forwarded to the Fine and Restitution Section, U.S. Courts, P.O. Box 570, Tyler, Texas 75710.

c.      Defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring his efforts at maintaining lawful employment.

d.      Defendant shall not incur new credit charges or open additional lines of credit without the approval or the probation officer unless payment of any financial obligation ordered by the Court has been paid in full.

e.      Defendant shall reside in a residential reentry center or similar facility, as a condition of supervised release, for a period of 90 days, to commence upon release from confinement, and shall observe the rules of that facility.

## OBJECTIONS

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein.  Therefore, the court may act on the report and recommendation immediately.

SIGNED this ___6___ day of October, 2006.

Earl S. Hines
United States Magistrate Judge